UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORMAIN LAMAR WALKER,<br><br>Plaintiff,<br><br>v.<br><br>B. CATES, *et al.*,<br><br>Defendants. | Case No. 1:25-cv-00409-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF BE DENIED<br><br>(ECF No. 10)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

Plaintiff Geormain Lamar Walker is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF Nos. 1). The matter was reassigned to the undersigned on October 6, 2025. (ECF No. 9).

On October 8, 2025, Plaintiff filed a request for injunctive relief related to his conditions in a mental crisis bed. For the reasons stated below, the Court recommends denying the motion.

I.     BACKGROUND

Plaintiff filed a complaint on April 9, 2025, generally alleging that Defendants were negligent in transporting him in the prison van, resulting in physical and emotional injuries. (ECF No. 1). Specifically, he alleges that, on June 12, 2023, Plaintiff traveled in a prison van to get an x-ray. (*Id.* at p. 3). He argued with Defendant Lara, a medical transport officer, about where

1

Plaintiff was sitting in the van, and Plaintiff alleges that Lara forced him to sit in the back of the van without a seatbelt, which squeezed Plaintiff's knee and caused him emotional distress and trauma. (*Id.*). Plaintiff also alleges that, nearly a year later, on April 10, 2024, Defendants Smith and Pensa were driving a prison transport van and braked suddenly. (*Id.* at p. 4). Plaintiff was asleep and not wearing a seatbelt, and the sudden braking caused Plaintiff pain and emotional distress. (*Id.*). Plaintiff alleges that Smith and Pensa then fabricated statements about the incident. (*Id.* at p. 5).

As Plaintiff's complaint indicated that he had not exhausted available administrative remedies before filing the lawsuit, the Court issued an order to show cause why the matter should not be dismissed for failure to exhaust administrative remedies. (ECF No. 6). On January 8, 2026, the Court issued a Screening Order, finding Plaintiff's complaint "is subject to dismissal because it states on the face of the complaint that he has not exhausted administrative remedies." (ECF No. 11, p. 4). However, in light of Plaintiff's response to the Court's order to show cause, in which he states that he did not fully understand the question, the Court granted Plaintiff leave to file an amended complaint within 30 days. (*Id.*).  The deadline to file an amended complaint has not yet passed.

## II.    MOTION FOR INJUNCTIVE RELIEF

Plaintiff filed a motion for "Injunction Relief" on October 8, 2025. (ECF No. 10). Plaintiff argued that he was at the Kern Valley medical ward "crisis bed" and being held "captive due to ment[al] health." (ECF No. 10, p. 2 (quotation marks omitted)). Plaintiff alleged that "custody" took personal property, allowed the lights to stay on continually, allowed showers only four times per week, did not address scratches and lumps by staff members, and required handcuffs and waist chains while making limited phone calls. (*Id.* at pp. 2, 4). Plaintiff referred to "a paranoid state of mind" and questioned the medication medical staff gave him. (*Id.* at p. 3-4).

Plaintiff is seeking: (1) to be awarded $1,000,000 or more if he is killed due to "custody and all ment[al] health and nurses;" (2) a restraining order issued against "CTC and Delano Kern Valley staff" for improperly holding Plaintiff at the crisis unit; (3) all documents, notes, assertions, and "C-file" given to his lawyer, private investigators, or government officials; (4) for his will, ordering his property to be disbursed to his girlfriend; (5) an order that polygraph testing

be completed for "everyone" to ask if "they" were aware of his death or safety concerns from his "enemie[s];" and (6) any other relief necessary for which he may request an attorney to pursue "property missing at the hands of custody." (*Id.* at p. 5).

III.    **LEGAL STANDARDS**

To obtain injunctive relief, a party must satisfy either the "traditional" or "alternative" standard for injunctive relief. *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987). "A cause of action must exist before injunctive relief may be granted." *Hamilton v. Bank of Blue Valley*, 746 F. Supp. 2d 1160, 1182 (E.D. Cal. 2010) (internal quotation marks & citations omitted). "Injunctive relief, like damages, is a remedy requested by the parties, not a separate cause of action." *Mehta v. Wells Fargo Bank, N.A.*, 737 F. Supp. 2d 1185, 1205 (internal quotation marks & citations omitted).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 135 S. Ct. 2726, 2736-37 (2015) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "[P]laintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). In addition to establishing irreparable harm, the injunctive relief sought must be related to the claims brought in the complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). A permanent injunction may be granted only after a final hearing on the merits. *See MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 520 (9th Cir.1993) ("As a general rule, a permanent injunction will be granted when liability has been established ....").

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ("PLRA"), which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." *See Gilmore v. People of the State of California*, 220 F.3d 987, 998-99 (9th Cir. 2000) (the PLRA

places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and courts may not grant "relief that binds prison administrators to do more than the constitutional minimum").

## IV.   ANALYSIS

The Court recommends denying Plaintiff's request for injunctive relief because his request for relief is not related to the claims in his complaint, and the Court cannot find at this time that he is likely to succeed on the merits, that the balance of equities tips in his favor, or that an injunction is in the public interest.

Plaintiff's request for injunction relief is not related to the claims brought in his complaint. Plaintiff's request for injunctive relief concerns his current conditions in a mental crisis bed and seeks restraining orders against Kern Valley State Prison staff and other mental health workers. Plaintiff's motion also requests an order from the Court directing the distribution of his property to his girlfriend, an attorney, private investigator, or government official. These issues and relief are not related to the complaint in this lawsuit, which concerns specific instances when Plaintiff was transported in a prison van in 2023 and 2024.

Moreover, the Court cannot say based on this record that Plaintiff is likely to succeed on the merits. The Court also cannot say that the balance of equities tips in his favor or that an injunction is in the public interest. Thus, the Court does not find that Plaintiff has met his high burden of proving that he is entitled to injunctive relief.

## V.   CONCLUSION

Accordingly, based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's Motion for Injunctive Relief (ECF No. 10) be DENIED.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within thirty (30) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v.*

*Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated:    **February 5, 2026**                   /s/ *Erica P. Grosjean*
                                                UNITED STATES MAGISTRATE JUDGE

5