UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORMAIN LAMAR WALKER,<br><br>Plaintiff,<br><br>v.<br><br>B. CATES, *et al.*,<br><br>Defendants. | Case No. 1:25-CV-00409-JLT-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT THIS ACTION BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES, FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH A COURT ORDER<br><br>(ECF Nos. 1, 11)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

Plaintiff Geormain Lamar Walker is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. (ECF No. 1). Plaintiff filed the complaint commencing this action on April 9, 2025. (*Id.*).[1] Plaintiff alleges that Defendants were negligent in transporting him in a prison van, resulting in physical and emotional injuries. (ECF No. 1).

On January 8, 2026, the Court screened the complaint and concluded Plaintiff's complaint is subject to dismissal for failure to exhaust administrative remedies. (ECF No. 11). The Court gave Plaintiff thirty days to file a first amended complaint or to notify the Court that

---

[1] The action was reassigned to the undersigned on October 6, 2025. (ECF No. 9).

1

he wanted to stand on his complaint. (*Id.*, p. 5). The Court warned Plaintiff that "[f]ailure to comply with this order may result in the dismissal of this action." (*Id.*, p. 6).

The deadline to respond to the screening order has expired, and Plaintiff has not filed an amended complaint or otherwise responded to the Court's order. Accordingly, for the reasons given below, the Court will recommend that Plaintiff's case be dismissed, without prejudice, for failure to exhaust administrative remedies, failure to prosecute, and failure to comply with a court order.

## I.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 7), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's

legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

**II.      SUMMARY OF PLAINTIFF'S COMPLAINT**

In Claims I through III of his complaint, Plaintiff generally alleges that Defendants were negligent in transporting him in the prison van, resulting in physical and emotional injuries. (ECF No. 1).

In answer to the questions about exhaustion, Plaintiff checked the box indicating he did not submit a request for administrative relief on Claim I. (*Id.*, p. 3). For Claim II, he checked the box for "yes" and "no" as to whether he requested administrative relief but then did not check any boxes in answer to the question whether he appealed his request for relief to the highest level. (*Id.*, p. 4). For Claim III, Plaintiff answered that he had requested administrative relief but did not appeal his request to the highest level. (*Id.*, p. 5).

On April 11, 2025, the court[2] issued an order to show cause why the matter should not be dismissed for, among other reasons, failure to exhaust administrative remedies prior to filing in this Court. (ECF No. 6, pp. 1, 5). Plaintiff filed a response on April 28, 2025, stating that the Court should not dismiss the case because "it's in the Court's best interest to understand the complexities of the case." (ECF No. 8). Regarding exhaustion in particular, Plaintiff's response stated that "I have exhausted all my administrat[ive] remedies," and that "this was an error on a question. I didn't fully understand in responding answering the question correctly." (*Id.*).

On January 8, 2026, the Court issued a Screening Order, finding "Plaintiff's Complaint is subject to dismissal because it states on the face of the complaint that he has not exhausted administrative remedies." (ECF No. 11 at 4). However, "in light of Plaintiff's response to the Court's order to show cause, in which he states that he did not fully understand the question"

---

[2] This order was issued by Magistrate Judge Gary S. Austin, who was the assigned Magistrate Judge at the time.

the Court granted Plaintiff leave amend his complaint. (*Id.*, p. 1, 4-5). The Court ordered, that "within 30 days from the date of service of the Screening Order, Plaintiff must file a First Amended Complaint or notify the Court in that he wants to stand on his Complaint." (*Id.*, p. 5).

Despite leave to amend, Plaintiff has not filed an amended complaint or otherwise responded to the Court's screening order.

### III.   ANALYSIS OF PLAINTIFF'S CLAIMS

#### A.  Section 1983

The Civil Rights Act under which this action was filed provides:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal

connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

### B.  Failure to Exhaust Administrative Remedies

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199–1201 (9th Cir. 2002) (*per curiam*). The exhaustion requirement applies to all prisoner suits relating to prison life. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, unless "the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint." *Booth v. Churner*, 532 U.S. 731, 736, 741 (2001); *Ross v. Blake*, 578 U.S. 632, 643 (2016).

As discussed in *Ross*, 578 U.S. at 639, there are no "special circumstances" exceptions to the exhaustion requirement. The one significant qualifier is that "the remedies must indeed be 'available' to the prisoner." *Id.*

If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice of the portions of the complaint barred by section 1997e(a). *Jones*, 549 U.S. at 223–24; *Lira v. Herrera*, 427 F.3d 1164, 1175–76 (9th Cir. 2005). When it is clear on the face of the complaint that a plaintiff failed to exhaust administrative remedies, dismissal is proper. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

Here, the Court finds that Plaintiff's Complaint is subject to dismissal because it states on the face of the complaint that he has not exhausted administrative remedies. Specifically, as described above, Plaintiff checked the box indicating he did not submit a request for administrative relief on Claim I. (ECF No. 1, at p. 3). For Claim II, he checked the box for "yes" and "no" as to whether he requested administrative relief but then indicated he did not appeal any request for relief. (*Id.*, p. 4). For Claim III, Plaintiff answered that he had requested administrative relief but did not appeal his request to the highest level. (*Id.*, p. 5). Thus, Plaintiff's complaint indicates on its face that he failed to satisfy the requirement to exhaust all available administrative remedies.

In response to the Court's order to show cause why the matter should not be dismissed for failure to exhaust administrative remedies prior to filing his lawsuit (ECF No. 6), Plaintiff responded that "this was an error on a question. I didn't fully understand in responding answering the question correctly." (ECF No. 8). However, the Court later issued a Screening Order that again explained that Plaintiff's complaint failed to allege exhaustion and provided him with an opportunity to file an amended complaint. (ECF No. 11). However, he has not filed any amended complaint or otherwise responded to the screening order.

## IV.   FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDER

The Court will likewise recommend dismissal based on Plaintiff's failure to prosecute this case and to comply with the Court's screening order. (ECF No. 11). The Screening Order required a response within 30 days, which could include filing an amended complaint or notifying the Court in writing that he wants to stand on this complaint. (*Id.*, p. 5). It advised that the failure to do so could result in dismissal. (*Id.*, p. 6 ("Failure to comply with this order may result in the dismissal of this action.")). However, Plaintiff failed to respond to the order and the time to do so has passed.

> In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy

6

favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Therefore, the first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants. . .." *Id.* (citations omitted). Plaintiff has failed to respond to the Court's screening order. (ECF No. 11). This failure to respond is delaying the case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade, and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to comply with a court order and to prosecute this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and has failed to comply with the Court's order, despite being warned of possible dismissal, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's *in forma pauperis* status, it appears that monetary sanctions are of little use to prompt him to comply with future orders. Given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Further, as noted above, Plaintiff's complaint indicates on the face of the complaint that he failed to comply with the exhaustion requirement before filing this lawsuit. Moreover, he failed to respond to the Court's Screening Order despite being given the relevant legal standards and the opportunity to file an amended complaint. (ECF No. 11). Thus, the lack of any viable claim supports a dismissal with

prejudice rather than a lesser sanction. Therefore, the fourth factor weighs in favor of dismissal.

Finally, because public policy favors disposition on the merits, this final factor weighs against dismissal. *Id.*

After weighing the factors, the Court concludes that dismissal without prejudice is appropriate.

## V.    CONCLUSION AND RECOMMENDATIONS

Further, IT IS RECOMMENDED as follows:

1.    This action be dismissed, without prejudice, for failure to exhaust administrative remedies, failure to prosecute, and failure to comply with a court order.

2.    The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than fifteen (15) pages, including exhibits.

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **February 25, 2026**          /s/ *Erica P. Grosjean*
                                             UNITED STATES MAGISTRATE JUDGE